# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LEE BORNTRAGER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, <br><br> Defendant. | No. C02-0139 <br><br> **ORDER** |

This matter comes before the court pursuant to the defendant's January 13, 2006 motion for protective order (docket number 97). The defendant's motion for protective order is granted in part, as set forth in this Order.

## A. Factual Background

CRST is an interstate motor carrier engaged in short and long haul transportation. As a union employer, CRST maintains two collective bargaining agreements with the International Brotherhood of Teamsters. Pursuant to the collective bargaining agreements with Teamsters Local 142 and Teamsters Local 238, as well as its participation agreements with the unions, CRST made monthly contributions to Central States on behalf of its union employees. Consistent with Teamsters Local 142's collective bargaining agreement, CRST employs five employees, a decreased number from the 17 employees in 1999. CRST and Teamsters Local 142 signed an agreement maintaining all terms, working conditions and payments, including pension contributions to Central States, until either an impasse in negotiations is reached or a new collective bargaining agreement is agreed upon and signed. Teamster's Local 238's collective bargaining agreement covers CRST's two

1

mechanics working out of CRST's facilities leased to another company, Hawkeye, Inc. At this facility, Hawkeye, Inc. employs mechanics that work side-by-side with CRST's mechanics.

On August 21, 2002, Central States' Board of Trustees' decided to expel CRST from its pension fund, effective September 29, 2002. Central States asserts that CRST violated Special Bulletin 90-7 and therefore violated the fund's policy of adverse selection. Special Bulletin 90-7 prohibits an employer from engaging in arrangements that encourage adverse selection that impact the actuarial soundness of the fund. In other words, it prohibits an employer from entering into a collective bargaining agreement in which only some employees participate in the pension fund. After CRST was expelled from the fund, it paid the amount of withdrawal liability assessed by Central States and stopped making contributions to the fund. In this lawsuit, the plaintiffs challenge CRST's expulsion from the participation in the Fund, alleging that such expulsion was unlawful.

## B. Procedural Background

The plaintiffs filed a motion to compel discovery on May 6, 2003 (docket number 42). The plaintiffs sought discovery of records beyond the administrative record, specifically records concerning the defendant's relationship with the United Parcel Service (UPS), in an effort to determine whether the defendant was enforcing its policy of adverse selection in a consistent manner. By Order dated July 2, 2003, this court denied the plaintiffs' motion to compel, finding in relevant part:

> The Eighth Circuit Court of Appeals has held that a decision made by trustees to refuse payments submitted by an employer in order to protect the fund is subject to the 'arbitrary, capricious, or an abuse of discretion' standard[1] . . . . In other words, the trustees' decision is subject to a deferential standard of review. In deciding whether a decision made by trustees was arbitrary and capricious, a court's review is limited to the

---

[1] Cent. Hardware Co. v. Cent. States, Southeast and Southwest Areas Pension Fund, 770 F.2d 106, 110 (8th Cir. 1985).

2

evidence that was before the trustees.[2] . . . Because the Eighth Circuit has held that [the defendant's] decision to expel CRST from its fund is subject to a deferential standard of review, this court's review of that decision is limited to the evidence contained in the administrative record. As the Eighth Circuit has stated, this court cannot become a substitute plan administrator. . . . Because discovery cannot go beyond the administrative record, the plaintiffs' motion to compel is denied.

(Court's July 2, 2003 Order denying Plaintiffs' motion to compel, docket number 51). On July 17, 2003, the plaintiffs filed a motion to reconsider the court's Order denying their motion to compel or in the alternative for the court to certify the issue for interlocutory appeal (docket number 58). The plaintiffs argued:

> Under Eighth Circuit precedent, in reviewing the propriety of a decision by an ERISA plan administrator, inconsistent application of the plan's terms is an important factor, i.e., whether Defendant has consistently applied its adverse selection policy.[3] . . . Plaintiffs' requests seek information which will demonstrate Defendant's inconsistent application of its adverse selection policy. Thus the information sought is not only reasonably calculated to lead to the discovery of admissible evidence, but is directly relevant and therefore discoverable.

(Plaintiffs' July 17, 2003, motion to reconsider, docket number 58). By Orders dated September 8, 2003 and December 8, 2003, the court denied the plaintiffs' motion to reconsider (docket numbers 68 and 78 respectively).

On December 19, 2003, the plaintiffs filed a motion to remand (docket number 80). The plaintiffs asserted that a remand was necessary because they had been denied the

---

[2] Collins v. Cent. States Southeast and Southwest Areas Pension Fund, 18 F.3d 556, 560 (8th Cir. 1994).

[3] The plaintiffs cited to Finley v. Special Agents Mut. Benefit Ass'n, 957 F.2d 617, 621 (8th Cir. 1992); One Thousand Friends of Iowa, et. al. v. Norman Y Mineta, 2002 U.S. Dist. LEXIS 25607 (8th Cir. 2002).

opportunity to supplement the administrative record and to fully present their case to the Contracts Subcommittee and the Board of Trustees. The plaintiffs noted that this court, in its December 8, 2003 Order denying the plaintiffs' request for reconsideration or for certification for immediate appeal, suggested that the more effective way to deal with the issue of discovery would be for the plaintiffs to request a remand back to the Board of Trustees for evaluation of the UPS documents sought by the plaintiffs. By Order dated February 24, 2004, the court granted the plaintiffs' motion to remand, and remanded this matter back to the plan administrator "for consideration of all relevant documents relating to UPS' alleged violation of the defendant's adverse selection policy and to allow the plaintiffs discovery on this issue" (docket number 89). The court found that the administrative record was incomplete, and opined that the administrator's "consideration of the evidence and further development of the record [would] aid this court in its determination of whether the decision to expel CRST was arbitrary and capricious." The defendant appealed the court's remand and discovery order on March 23, 2004 (docket number 91).

In an Opinion dated October 10, 2005, the Eighth Circuit Court of Appeals granted the plaintiffs' motion to dismiss the defendant's appeal, and dismissed the defendant's appeal for lack of appellate jurisdiction. The court held that the decision of this court, to remand the issue for further administrative proceedings and allow further discovery, was not a "final decision" pursuant to 28 U.S.C. § 1291, over which the circuit courts have jurisdiction. Borntrager v. Central States, Southeast and Southwest, 425 F.3d 1087, 1092 (8th Cir. 2005). The defendant filed the instant motion for protective order on January 13, 2006 (docket number 97).

### C. Conclusions of Law

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders in discovery, set forth in relevant part as follows:

> Upon motion by a party . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or any person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . .(1) that the disclosure or discovery not be had . . . (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Fed. R. Civ. P. 26(c)(7). "If a motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party . . . provide or permit discovery." Fed. R. Civ. P. 26(c).

The defendant seeks a protective order "barring [the plaintiffs] from discovery in this matter . . . [or] [i]n the alternative . . . barring [the plaintiffs] from all discovery except with respect to the production of documents concerning [UPS]." Specifically, the defendant asserts that "[d]espite the fact that this [c]ourt's Order granting discovery was limited to the context of the production of documents related to UPS, [the plaintiffs] have now served Requests for Admission, . . . Interrogatories, . . . and Requests for Production . . . that go well beyond the scope of discovery authorized by the [c]ourt."

A review of the Interrogatories, Requests for Production of documents, and Requests for Admissions that the defendant complains of reveals that the plaintiffs are seeking discovery that is broader than this court authorized in its February 24, 2004 remand Order. Specifically, in addition to documents, testimony, and evidence concerning UPS, the plaintiffs' requests for discovery seek more information about the defendant's adverse selection policies and practices. The plaintiffs may not expand discovery in this manner.

Upon the foregoing,

IT IS ORDERED that the defendants' motion for protective order is granted in part, as follows: the plaintiffs may not seek discovery beyond "all relevant documents relating

to UPS' alleged violation of the defendant's adverse selection policy," as contemplated in the court's February 24, 2004 Order.

March 31, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT