IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LEE BORNTRAGER, et al., <br><br>      Plaintiffs, <br><br> vs. <br><br> CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, <br><br>      Defendant. | No. C02-0139 <br><br> **ORDER** |

This matter comes before the court pursuant to defendant's April 18, 2006 motion to dismiss (docket number 107) and defendant's May 18, 2006 motion for a protective order (docket number 110). Defendant's motion to dismiss is denied. Defendant's motion for a protective order is granted as set forth below.

<u>Motion to Dismiss</u>

Defendant's motion to dismiss for lack of subject matter jurisdiction (docket number 107) is denied for the same reasons set forth in this court's July 2, 2003 order. Moreover, this court finds that plaintiffs' complaint is not subject to the mandatory arbitration under 29 U.S.C. § 1401, as this provision applies to "[a]ny dispute between an employer and the plan sponsor . . ." and former plan participants are also named plaintiffs. <u>Rheem Mfg. Co. v. Cent. States S.E. & S.W. Areas Pension Fund</u>, 63 F.3d 703, 705-706 (8th Cir. 1995) (finding that the district court did not err in denying Central States' motion to dismiss since the sole question presented to the district court in Rheem's declaratory judgment action was whether Rheem was an "employer" under the MPPAA). Finally, defendant's motion to dismiss for failure to state a claim is also denied.

1

Defendants' motion is based upon Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). A complaint shall not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can not prove any set of facts in support of its claim that would entitle it to relief. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993); Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 739 (8th Cir. 2002). When analyzing the adequacy of a complaint's allegations under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff. Id. "The issue is not whether plaintiffs will ultimately prevail, but rather whether they are entitled to offer evidence in support of their claims." U.S. v. Aceto Agr. Chemicals Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "[I]t is only in the 'unusual case' where the complaint on its face reveals some insuperable bar to relief that a dismissal under Rule 12(b)(6) is warranted." Id. (quoting Fosco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)).

Accepting the allegations in plaintiffs' third amended complaint as true, and viewing them in a light most favorable to the plaintiffs, the court finds that the plaintiffs have adequately pleaded their claims. To dismiss now would be premature. Following remand, this matter will be resolved on cross motions for summary judgment.

## Motion for Protective Order

Defendant requests a protective order barring plaintiffs from discovery in this matter. Alternatively, defendant seeks a protective order barring plaintiffs from all discovery except with respect to the production of documents concerning United Parcel Service, Inc. ("UPS). Defendant contends that the interrogatories and requests for admission served by plaintiffs exceed the scope of discovery previously allowed by this court. See March 31, 2006 Order (docket number 104). Defendant seeks an award of attorney's fees and costs incurred in connection with its motion.

Plaintiff resists defendant's motion, arguing that this court's prior orders specifically allowed plaintiff "discovery" relating to UPS's alleged violation of defendant's adverse

selection policy. Plaintiff argues that this court's prior orders did not limit the form of allowable discovery to document production. Plaintiff requests an award of attorney's fees and costs incurred in connecting with resisting defendant's motion.

This court denied plaintiffs' motion to compel discovery on July 2, 2003 (docket number 51), and again on plaintiff's motion for reconsideration on September 8, 2003 (docket number 68). On February 24, 2004, this court granted plaintiffs' motion to remand and remanded this matter back to the plan administrator for "consideration of all relevant documents relating to UPS' alleged violation fo the defendant's adverse selection policy and to allow the plaintiffs discovery on this issue." See Docket number 89. Defendant appealed this order to the United States Court of Appeals for the Eighth Circuit, who dismissed the appeal on October 10, 2005 for lack of appellate jurisdiction. Borntrager v. Cent. States, S.E. & S.W. Areas Pension Fund, 425 F.3d 1087 (8th Cir. 2005). In its order dismissing defendant's appeal, the Eighth Circuit discussed this court's order, noting that "[t]he district court lacks statutory authority to *compel* an ERISA plan administrator to conduct or permit discovery." Id. at 1087.

On two separate occasions, this court denied the plaintiffs' motions to compel discovery, noting that this court's review was limited to the administrative record. The plaintiffs then requested that this court remand this matter to the Board of Trustees to allow for an opportunity to evaluate whether the Board consistently interpreted its adverse selection policy and to provide the plaintiffs with discovery on this issue. In granting plaintiffs' motion to remand, it was not the intention of this court to that the parties to engage in the precise full-blown discovery which resulted in this court's March 31, 2006 order granting defendant's motion for protective order. Nor did the court contemplate that it would be ruling on multiple discovery requests. Rather, this court ordered the Board, on remand, to consider its expulsion of CRST from the fund in light its treatment of UPS, and explain why its decision to expel CRST from the fund was not arbitrary, when compared to its treatment of UPS. The documents concerning UPS to be considered and

3

relied upon by the Board on remand, shall be provided to the plaintiffs and become part of the administrative record. As noted by this court in its February 24, 2004 order, the documents concerning UPS are not newly discovered evidence, as they were obviously in the Board's possession at the time it made the decision to expel CRST. The court simply orders the Board to further develop the record in this regard and articulate how its decision to expel CRST was not arbitrary and capricious when compared to its treatment of UPS.

While the court contemplates that the documents sought by plaintiffs' requests for production would, generally speaking, be the type of documents that the Plan Administrator would consider on remand, this court will not require defendants to engage in traditional discovery methods, which were twice prohibited in this case. Defendants' motion for protective order is granted.

Upon the foregoing,

IT IS ORDERED that defendant's motion to dismiss (docket number 107) is denied. Defendant's motion for a protective order (docket number 110) is granted insofar as defendant is not required to answer the discovery requests propounded by the plaintiffs, but the documents concerning UPS shall be considered and relied upon by the Board on remand, shall be provided to the plaintiffs, and become part of the administrative record. On remand, the Board shall explain how its decision to expel CRST was not arbitrary and capricious as compared to its treatment of UPS.

March 6, 2007.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT