IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LEE BORNTRAGER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, <br><br> Defendant. | No. C02-0139 <br><br> ORDER AWARDING ATTORNEY'S FEES |

This matter comes before the Court on the Motion for an Award of Attorney's Fees (docket number 131) filed by Defendant Central States, Southeast and Southwest Areas Pension Fund on May 6, 2008; the Resistance to Defendant's Motion (docket number 134) and the Motion for Stay of Proceeding (docket number 135), both filed by the Plaintiffs on June 6, 2008; and the Reply (docket number 136) and the Resistance to Plaintiffs' Motion for Stay of Proceeding (docket number 137), both filed by Defendant on June 12, 2008.

Defendant requests that it be awarded attorney fees pursuant to the terms of the Pension Fund Trust Agreement. Plaintiffs resist the award of attorney fees or, alternatively, request that the Court not take any action on the issue until the Eighth Circuit Court of Appeals has resolved the pending appeal. Pursuant to Local Rule 7.c, both motions will be decided without oral argument.

### RELEVANT FACTS

This case has a long history, including a previous trip to the Eighth Circuit Court of Appeals. On September 24, 2002, Plaintiffs filed a Complaint challenging their

1

expulsion from the Pension Fund. After various twists and turns, the Court entered an Order on April 22, 2008, granting Defendant summary judgment and dismissing Plaintiffs' Complaint. On April 28, 2008, Plaintiffs filed a Notice of Appeal to the Eighth Circuit Court of Appeals. That appeal is now pending.

Defendant timely filed the instant motion, claiming entitlement to attorney fees pursuant to Article III, Section 6 of the Pension Fund Trust Agreement, which provides as follows:

> Whenever the Trustees exercise their authority to reject a collective bargaining agreement of an Employer and effect the termination of the Employer and all Employees of the Employer from further participation in the Fund on and after an effective date determined by the Trustees, and there is related litigation to which the Trustees (or any of the Trustees) and/or the Fund and the Employer are parties (regardless of which entity or entities commenced the litigation), the Trustees and the Fund, at the conclusion of the litigation by judgment or settlement (except by a judgment that in effect invalidates the Trustees' rejection of the collective bargaining agreement), shall be entitled to recover from the Employer a payment in the amount of the attorneys' fees and litigation costs incurred by the Trustees and/or the Fund in the course of the litigation.

*See* Defendant's Motion for an Award of Attorney's Fees, Exhibit B (docket number 131-3) at 9.

In support of its claim, Defendant submitted itemizations for services provided by local counsel, totaling $12,984.95, and fees attributable to in-house counsel, totaling $66,245. Accordingly, Defendant seeks an award of attorney fees in the amount of $79,229.95. According to the Motion, these charges reflect 142.4 hours for drafting pleadings, motions, and briefs, 13.3 hours of legal research, and 22.8 hours for "investigation." In their resistance, Plaintiffs do not challenge the number of hours claimed by Defendant, nor do they dispute the reasonableness of the hourly rates.

2

## DISCUSSION

The Plaintiffs are two for-hire interstate motor carriers and six union members employed by them. The employers, CRST Flatbed, Inc. and CRST Van Expedited, Inc. (collectively "CRST"), and the local unions entered into a Participation Agreement, whereby both agreed to be bound by all of the terms of the Trust Agreement creating the Central States Pension Fund. Defendant claims that it is entitled to attorney fees pursuant to Article III Section 6 of the Trust Agreement. Plaintiffs argue, on the other hand, that the award of attorney fees is not justified, citing the "five factors" set forth in *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966 (8th Cir. 2002). Central States responds that the analysis found in *Martin* is not relevant to the instant action because Defendant relies on the terms of the Trust Agreement, rather than on the discretionary authorization for fee-shifting found in ERISA.

"Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Cas. & Sur. Co. of America v. Pacific Gas and Elec. Co.*, ___ U.S. ___, 127 S. Ct. 1199, 1203 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). There are, however, two exceptions to the rule. The general rule can "be overcome by statute" and can also be overcome "by an 'enforceable contract' allocating attorney's fees." *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 (1967)).

The Court has discretion in an ERISA action to award attorney fees to either party.

> In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1). In exercising its discretion, the district court should use the "five factors" in *Lawrence v. Westerhaus*, 749 F.2d 494, 495 (8th Cir. 1984), together with

other relevant considerations, as general guidelines for determining when a fee is appropriate.[1] *Martin*, 299 F.3d at 972.

In *Martin*, the plaintiff asked Arkansas Blue Cross & Blue Shield ("the Plan") to certify benefits for a lung transplant pursuant to an ERISA employee welfare benefit plan. After the Plan denied benefits, Martin sued, alleging that benefits had been wrongfully denied. The district court held that a procedural irregularity rendered the Plan's denial unreasonable and ordered the Plan to certify coverage for the lung transplant. Martin then petitioned for attorney fees. The district court denied the petition for fees, applying the five-factor test set forth in *Lawrence v. Westerhaus*, 749 F.2d 494, 495-96 (8th Cir. 1984).

In affirming the district court, the Eighth Circuit Court of Appeals reviewed its prior holding, which applied a presumption in favor of awarding attorney fees to prevailing ERISA plaintiffs. *See Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980). The Eighth Circuit overruled its holding in *Landro*, concluding that "we now find that use of several non-exclusive factors best facilitates the exercise of the district court's discretion in ERISA cases." *Martin*, 299 F.3d at 972. The Court then cited with approval the "five factors" set forth in *Westerhaus*, but cautioned that they "are by no means exclusive or to be mechanically applied." *Id.*

If Defendant was relying on the fee-shifting provision found in 29 U.S.C. § 1132(g), then the analysis described in *Martin*, and set forth in Plaintiffs' Resistance, would be appropriate. In this case, however, Defendant is not relying on the statutory exception to the American Rule, but instead is relying on the contractual exception. That

---

[1] Those factors are: (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Westerhaus*, 749 F.2d at 496.

is, Defendant relies on the provision for attorney's fees found in the Trust Agreement. Plaintiffs do not contest the enforceability of the Trust Agreement, nor do they challenge the reasonableness of the fees sought by Defendant. Accordingly, pursuant to Article III, Section 6 of the Trust Agreement, the Court concludes that Defendant is entitled to recover attorney's fees and litigation costs from "the Employer" in the amount of $79,229.95.

The Court has considered Plaintiffs' request to delay action on Defendant's Motion for Attorney Fees until after the appeal has been decided. For the reasons set forth above, the Court concludes that an award of attorney fees at this time is appropriate.[2] If CRST pays the attorney fees and Plaintiffs later prevail on appeal, then CRST would be entitled to reimbursement.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion for an Award of Attorney's Fees (docket number 131) filed by Defendant is hereby **GRANTED**. Judgment shall enter in favor of Defendant Central States, Southeast and Southwest Areas Pension Fund, and against Plaintiffs CRST Flatbed, Inc., and CRST Van Expedited, Inc., jointly and severally, in the amount of Seventy-Nine Thousand Two Hundred Twenty-Nine Dollars ninety-five cents ($79,229.95), representing attorney's fees and litigation costs.

2. The Motion for Stay of Proceeding (docket number 135) filed by Plaintiffs is hereby **DENIED**.

DATED this 24th day of July, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[2] It may be that an appeal from the Court's instant Order may be combined with the appeal currently pending before the Eighth Circuit Court of Appeals.